# Staunton.

## MADDUX v. TRIPLETT, TRUSTEE.

### September 22d, 1892.

TRUSTEE—*Power to sell—Suit—Order of sale—Case at bar.*—Where a trustee, enjoined from selling trust property, is afterwards made party to another chancery suit involving the same property, which causes are heard together and are referred to a commissioner to ascertain and report the value of the property, and the debts for which it is liable, and the interests of the persons claiming said property—

HELD:

There was no error in decreeing sale of the perishable property, or in appointing receivers to preserve and rent out the same; nor was there error in dissolving the injunction, as the court had acquired jurisdiction over both trustee and trust property, and he was powerless to exercise his functions as trustee without an express order to proceed, and there was no such order in these causes.

Appeal from three decrees of circuit court of Shenandoah county, rendered March 17th, 1888; April 11th, 1888, and January, 1889, respectively, in a chancery suit wherein H. C. Maddux, Martin Maddux, F. W. Maddux, and Stoneburner & Richards were complainants, and L. Triplett, Jr., trustee, and others were defendants. The decrees being adverse to the complainants, they appealed to this court. Opinion states the case.

*W. R. Alexander*, for appellants.

*J. E. Triplett*, for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The petition of H. C. Maddux, Martin Maddux, F. W. Maddux, and Stoneburner & Richards complains of three decrees entered by the circuit court of Shenandoah county, in a chancery cause in said court pending, in which the said petitioners are complainants and L. Triplett, Jr., trustee, and others are defendants—viz., one on the 17th day of March, 1888, one on the 11th day of April, 1888, and one on the 12th day of January, 1889. The object of the bill was to restrain a sale of the real and personal property advertised to be sold by L. Triplett, Jr., trustee, under a deed of trust to him from the Orkney Springs Company, to have proper accounts taken to ascertain the debts for which the property was liable, and for general relief. On the prayer of the bill an injunction was awarded on March 5, 1888. On the 16th of March, 1888, the defendants filed their answers, denying the material averments of the bill, and, pursuant to notice duly given, moved the judge, in vacation, to dissolve the injunction, and filed affidavits and documentary evidence in support of their motion. On consideration whereof, the judge, on the 17th day of March, 1888, so far modified the restraining order of March 5, 1888, as to direct L. Triplett, Jr., trustee, as special commissioner of the court, to sell the personal property, which was of a perishable nature, and make report of his proceedings to the court.

By a written contract, dated 18th of March, 1884, the Orkney Springs Company leased to " Martin and H. Clay Maddux," for the term of one year, beginning April 1, 1884, the Orkney Springs property, real and personal, with the privilege to said lessees to continue the lease for four successive years after the first year, upon certain conditions, which appear in the deed. The lessees entered into possession and conduct of the Orkney Springs watering-place under the terms and conditions of the lease. By an instrument in writing, dated June 12, 1884, Martin Maddux sold to H. C. Mad-

dux, his co-lessee, all the rights, titles, privileges, and benefits he was invested with under the lease from the Orkney Springs Company of March 18, 1884. This sale was for a recited consideration of five dollars in hand paid; and the bill of sale further provides that H. Clay Maddux is to pay certain debts described in the bill of sale, and, "in case H. C. Maddux fails to comply with his responsibilities heretofore named, this contract shall be considered null and void." By this contract of sale, then and there completely made for an executed consideration, the title and the possession passed to the purchaser, notwithstanding the condition subsequent, which was to divest the title and recover the possession, already passed, upon the demand or the action of Martin Maddux, in whose favor and for whose benefit the condition of forfeiture enured; and the title and possession of the property remained with the vendee until divested by actual seizure, or by the judgment of a court. It is not disclosed by the record that Martin Maddux sought or desired to recover possession; but, on the contrary, it is clearly proven by many witnesses that he repeatedly declared that he had parted, by the said sale to H. C. Maddux, with all his interest in the property and lease, and had no further connection or concern with either. The sale was absolute, in the view of both parties, and H. C. Maddux was advertised as the sole proprietor, and all the business of the concern, in details great and small, was done by him, and in his name alone. So that on the 12th of June, 1884, H. C. Maddux became the sole owner and proprietor of the lease, and of the personal property, purchased by the contract with the Orkney Springs Company, or by the lessees, at the Orkney Springs. By several deeds of mortgage, dated, respectively, on the 13th of October, 1884, June 30, 1886, and 28th January, 1887, H. C. Maddux granted all of the personal property to the Orkney Springs Company, to secure the payment of certain indebtedness of his, and to indemnify

the said company against loss as endorser on certain notes drawn by him.   The deed of the 28th of January, 1887, was an absolute grant of the property conveyed thereby, in consideration of the release of the said H. C. Maddux for certain arrears of rent.   On the 30th of March, 1887, the Orkney Springs Company, by deed duly executed, conveyed all of its property, both real and personal, to L. Triplett, Jr., in trust to secure the payment of its indebtedness, as described and set forth in the deed.   On the 1st of March, 1888, H. C. Maddux and Martin Maddux executed a deed conveying to W. R. Alexander and Robert I. Walker all of the personal property of every description now (then) in and upon the Orkney Springs grounds, in trust to secure a debt alleged to be due to F. W. Maddux, and also a debt due to Stoneburner & Richards.   On April 11, 1888, the court, in term, set aside the vacation order of March 17, 1888, by which Triplett had been directed to sell the personal property, and appointed Triplett and one Wightman receivers to preserve and to rent out the real and personal property.   At that same term of the court the Mt. Jackson National Bank filed its petition in the cause, setting forth certain claims by judgment against H. C. Maddux, and praying to be made defendant to the cause, and have its claims satisfied.   And at this same term the chancery cause of the Shenandoah County Bank against the Orkney Springs Company and others, then pending in that court, was ordered to be heard together with this cause; and both of said causes were referred to a master commissioner, who was directed to ascertain and report the gross and annual values of the real and personal property, the debts for which it was liable, and persons having interests therein and claims thereon, and the extent and character of such claims and interests.   On the 12th of January, 1889, the court, by its order entered in this cause, dissolved the injunction theretofore awarded.   From these decrees and orders, made as afore-

said, the appellants applied for and obtained this appeal.

The first assignment of error is that the court erred in making the order of March 17, 1888, directing its commissioner to sell the personal property, because the same was perishable. There is no merit in this assignment. It was evident that the creditors of either the Orkney Springs Company or of H. C. Maddux had the right to subject the property to the payment of their claims. The litigation promised to be long, and the court was in duty bound to preserve the fund and prevent it from perishing. But this order was set aside, and nothing was done under it; so that the appellants have nothing to complain of, even had the order been improper.

The second assignment of error is that the court, by its order of April 11th, 1888, did set aside the very order of March 17th, 1888, complained of as the ground of the first assigned error, and did appoint receivers to preserve and rent out the property until the issues of law and fact could be decided. The appellants had no right to complain of this exercise, by the court, of its proper and useful chancery jurisdiction to preserve the property and conserve the rights and interests of all the parties to the cause pending the litigation. It determined no question of right or title, and settled no principle in the cause.

The third assignment of error is that the court sustained exceptions to certain depositions. But the court gave the right to the parties to retake the said depositions, and, even though the facts sought to be proved by them should be taken as true, the action of the court in the decrees and orders complained of was clearly right.

The fourth and last assignment of error is that the court dissolved the injunction restraining the trustee, Triplett, from selling the property. Here were two chancery causes pending in the court, and heard together, involving the same property,

and all the property which that trustee had sought to sell. He was now a party to these causes, powerless to sell or to act without the express order of the court, made in the causes. The court had now acquired jurisdiction over the trustee and the subject of the trust, and he was wholly powerless to exercise his functions as trustee without the express order of the court allowing him to proceed. There is no order of the court directing a sale, and the order complained of leaves the trustee still restrained from selling until the further order of the court in the cause. In none of the matters of which the appellants complain are they in anywise injured or prejudiced, and, in our judgment, no just grounds exist for reversing or modifying the decrees so far entered in the cause, and the same must be affirmed.

DECREES AFFIRMED.